GRAVES *v.* MASSEY, et al.

No. 40152 May 7, 1956 87 So. 2d 270

*Howard R. Pigford, Lester F. Williamson,* Meridian, for appellant.

*M. V. B. Miller, Gerald Adams, O. Winston Cameron,* Meridian, for appellees.

McGEHEE, C. J.

The plaintiff, M. A. Graves, sued the Phillips Petroleum Company, a seller of petroleum products at wholesale, L. B. Paine, d. b. a. L. B. Paine Oil Company, Inc., a distributor of petroleum products, and R. D. Massey, the operator of a filling station in the City of Meridian, for damages on account of personal injuries sustained when he tripped and fell over the handle of a hydraulic jack used at the filling station for jacking up automobiles when repairing flat tires.

The accident occurred on the premises where the defendant R. D. Massey was operating the filling station, and about six feet from the sidewalk. The handle of the hydraulic jack extended out about five feet from under the taxicab which had been jacked up by an attendant for the purpose of repairing a rear tire.

The plaintiff testified that he went to the filling station for the purpose of seeing a Mr. Vick, an employee

there, to whom he had sold "a '41 Chevrolet", and the purpose of his visit to see Mr. Vick was to get his full address in order that he might have the title of the Chevrolet transferred into Vick's name at the sheriff's office. There is no intimation in the testimony that he intended to transact any business with the filling station. People were accustomed to walk through the driveway at the filling station from one street to another near an intersection, and the plaintiff had left the sidewalk to cross the driveway of the filling station for the purpose of going into the office thereof in looking for Mr. Vick. He said "I noticed a car there, but I never thought about looking down, and before I knew it I hit the concrete."

The trial court granted a directed verdict in favor of all of the defendants at the conclusion of the testimony on behalf of the plaintiff. In view of the conclusion that we have reached, it is unnecessary that we consider the relation between the L. B. Paine Oil Company and R. D. Massey or the relation between them and the Phillips Petroleum Company. The testimony is wholly undisputed that the plaintiff went to the filling station on a personal mission of his own. He did not go at the instance of the operator of the station nor for the purpose of transacting any business with the filling station. The fact that cold drinks, nabs, cookies, cigarettes and other sundries were sold at the filling station, does not alter the fact that on this occasion the plaintiff was a mere licensee on the premises and not an invitee for the purpose of making any purchase or transacting any other business with the filling station on that occasion. Nor does he say that he intended to do so. Being a mere licensee, neither of the defendants who are appellees on this appeal owed him any duty except not to willfully or wantonly injure him. No appeal was taken from the directed verdict in favor of the defendant Phillips Petroleum Company.

It is argued that there were other spaces in the filling station area where the taxicab could have been parked while the flat tire thereon was being repaired; that it was unnecessary to park it within four or five feet of the wall of the filling station and four or five feet of the gasoline tanks in order to jack it up on the driveway surface to remove the flat tire. By the same token, it might be argued that there were other places for the plaintiff to walk in going from the sidewalk to the office of the filling station instead of tripping over the handle of this hydraulic jack which extended out from under the taxicab.

While a defendant may owe the duty not to leave unguarded and unlighted, deep excavations and other dangerous places in and near walkways, sidewalks and other thoroughfares, the exercise of reasonable care for the safety of travel by pedestrians does not require that a guardrail or other device be placed around the point where an automobile is being jacked up for the purpose of repairing a tire on the premises of a filling station, where the work is being done a sufficient distance from the sidewalk or where a sufficient portion of the driveway at a filling station, commonly used by pedestrians, is left unobstructed for safe travel by them in the use of such customary walkway. The photographs in the record show that there was ample space, some four or five feet in width, between the end of the jack handle and the gasoline tanks, for the use of a person going from the sidewalk to the office of the filling station or in using the driveway as a walkway from one street to the other at the intersection where this filling station was located.

But be that as it may, the lessee of a filling station has a right to fix a flat tire anywhere on the leased premises that he may choose, if he does not interfere with the safety of travel along the sidewalks about the premises, and does not, as to a mere licensee on the premises, do any willful or wanton wrong to him. Of

course, he would owe a greater duty to an invitee. The air hose with which a tire is inflated after being fixed is usually located near the gasoline tanks. The plaintiff sustained his unfortunate injury at a time when he was not looking where he was walking, and we are unable to find any fact or circumstance in the entire record that would indicate that either of the defendants either willfully or wantonly injured him.

But it seems to be the contention of the plaintiff that the trial court should have permitted the jury to determine the question of whether the plaintiff was a mere licensee or invitee on the occasion in question. But we think that where the given and undisputed facts disclose that the plaintiff was a mere licensee, the court should not submit to the jury the question of whether or not his status was otherwise. The court properly decided that as a matter of law under the given and undisputed testimony that the plaintiff was a mere licensee on the occasion complained of, and that there was no evidence to go to the jury to warrant a finding that either defendant had breached the legal duty owing to a licensee not to willfully or wantonly injure him.

We have considered the principles announced in the numerous decisions cited, both on behalf of the appellant and appellees, and we find nothing therein that would conflict with the conclusion that we have reached on the facts of the instant case. Thus the cases which hold a defendant liable for injuries sustained on account of unguarded excavations and other defective conditions in and near walkways, sidewalks and other thoroughfares are not, in our opinion, applicable to the facts of the case now before us.

The judgment of the trial court in directing a verdict in favor of all of the defendants must therefore be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.