SELBY *v.* MCWILLIAMS REALTY CORPORATION

No. 42603          April 1, 1963          151 So. 2d 596

*Shed Hill Roberson,* Clarksdale, for appellant.

*Brewer, Brewer & Luckett,* Clarksdale, for appellee.

ARRINGTON, J.

The appellant, Donald C. Selby, plaintiff below, appeals from a judgment of the Circuit Court of Coahoma County sustaining a demurrer of defendant-appellee to the amended declaration. The appellant declined to

amend his declaration and final judgment was entered dismissing the suit.

The appellant, an adult resident citizen of Coahoma County, filed his amended declaration against appellee alleging that prior to and on December 26, 1959, he had the distributorship for the Commercial Appeal in the City of Clarksdale; that a number of appellant's customers were tenants in a seven-story office building owned and operated by appellee; that upon entering said building there is a small foyer or entrance hall, on one side of which are steps leading up to the several floors, and on the other side two power elevators; that in the ceiling of the entrance hall there is a light and also a light at the first landing of the stairs; that appellee retained the sole control over the elevators, steps and foyer, all of which were used in common by all tenants, their customers, visitors and business associates; that several months prior to December 26, 1959, an employee of appellee showed appellant how to open the doors to the elevator in order for him to place the papers of the tenants inside the elevator; that this procedure for delivering papers was carried on daily for several months by appellant with the knowledge and consent of the employees of appellee.

The declaration further alleges that at about 2:30 A.M. on December 26, 1959, appellant entered the building for the purpose of leaving the morning papers for the tenants of appellee. The lights in the entrance hall were off and the hall was in total darkness. Appellant opened the door to one of the elevators and attempted to place the papers inside. On account of the complete darkness, he was unaware that the elevator had not been left on the first floor and that the door would open when the elevator was not on that floor. He attempted to place the papers on the floor of the elevator, and, in so doing, he fell approximately five feet to the bottom of the unlighted elevator shaft and suffered seri-

ous injuries, "which injuries were caused by the negligence of defendant in failing to have proper and adequate lighting, both in the foyer and in the elevator shaft, and in failing to have a proper safety or locking device which would prohibit the doors to the elevator shaft from opening if the elevator was not at the floor of the building. Had either the foyer or the elevator shaft been lighted as they should have been, then plaintiff would have been able to see that the elevator was not on the first floor and would have incurred no injuries. Had a proper safety or locking device been on the door, plaintiff would have been unable to open the elevator doors when the elevator was not on that floor or would have been warned that the elevator was not on the floor."

The demurrer which was interposed to the declaration and sustained by the court alleged that the declaration did not state a cause of action against the appellee since it shows that the appellee did not violate any duty it owed to appellant, whether appellant be regarded as a licensee or as a business invitee.

The appellant assigns as error that the court erred in sustaining the demurrer to the amended declaration, arguing first that the jury could have found that appellant was an invitee on the premises of appellee or a licensee. Secondly, it is argued that the jury could have found that appellee was guilty of negligence in the maintenance of its premises, and that such negligence was the proximate cause of the injuries.

(Hn 1) Assuming for the purpose of argument that the appellant was an invitee of the appellee, he went far beyond the limits of the invitation by opening the elevator door, which was closed or fastened, as it was alleged that he was shown by an employee how to open the elevator door.

In the case of Dry v. Ford, 238 Miss. 98, 117 So. 2d 456, this Court held: "Possessors of premises have the

duty to use reasonable care with reference to invitees on their business property. That duty is coextensive with the invitation. An inviter's duty and corresponding liability for breach of duty are measured and limited by the nature of the invitation held out to the invitee. If the latter goes beyond the bounds of his invitation, as Dry did here, he loses the status of invitee and the rights which accompany that state. Dry became a licensee. 65 C.J.S., Negligence, Secs. 46, 48, 33 and 23, subd. b; 38 Am. Jur., Negligence, Secs. 131, 132, 99-101; Kelley v. Sportsmen's Speedway, Inc., 1955, 224 Miss. 632, 80 So. 2d 785.''

(Hn 2) In the case at bar, we are of the opinion that under the allegations of the declaration the appellant was a gratuitous licensee, and the appellee violated no duties to him, as defined in Marlon Investment Company v. Conner, 149 So. 2d 312 (Miss. 1963).

(Hn 3) As to the second assignment argued, we are of the opinion that the appellant, on entering this building at 2:30 A.M., when the building was in complete darkness, and opening the elevator door and falling into the shaft, was not exercising reasonable care for his own safety and his negligence was the sole proximate cause of his injuries, and the appellee was guilty of no negligence in connection therewith.

The court correctly sustained the demurrer on the ground that the declaration did not state a cause of action. Graves v. Massey, et al., 227 Miss. 848, 87 So. 2d 270. It follows that the judgment of the lower court is affirmed.

Affirmed.

*McGehee, C. J., and McElroy, Rodgers and Jones, JJ.,* concur.