518 So.2d 646 (1988)
Joyce LUCAS
v.
BUDDY JONES FORD LINCOLN MERCURY, INC.
No. 57418.
Supreme Court of Mississippi.
January 6, 1988.
W. Allen Pepper, Jr., Cleveland, for appellant.
Marc A. Biggers and Lonnie D. Bailey, Upshaw, Williams, Biggers, Page & Kruger, Greenwood, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and ZUCCARO, JJ.
*647 ZUCCARO, Justice, for the Court:
This case is before the Court on appeal from the Circuit Court of Leflore County, where on October 3, 1984, the lower court entered a summary judgment in favor of Buddy Jones Ford Lincoln Mercury, and dismissed the complaint of Joyce Lucas. From this adverse decision Joyce Lucas appeals making one (1) assignment of error. Finding no error, we affirm.

FACTS
The facts, out of which the present case developed, are undisputed. On December 27, 1983, the City of Greenwood, Mississippi, and the entire Mississippi Delta area was struck by a vicious winter storm. On that date Joyce Lucas dropped her youngest son Mark at the Buddy Jones Ford Dealership so that her husband, an employee of Buddy Jones Ford, could babysit with Mark while she kept an appointment with her physician.
After her doctor's appointment, Joyce returned to Buddy Jones Ford to get Mark. She parked her automobile and walked across the lot toward the service area of the dealership, where her husband worked. When she reached the freight ramp, she slipped and fell on ice that had accumulated due to the storm, injuring her arm.
Appellant brought the present action, charging Buddy Jones Ford with the negligent maintenance of the entrances to its business. Subsequently, Buddy Jones Ford made its motion for summary judgment pursuant to Miss.R.Civ.Proc. 56. The basis for appellee's motion was that Joyce Lucas was a mere licensee, and therefore it owed no duty to her to make the premises safe from open and obvious hazards. As such, there was no genuine issue with respect to any material fact which would show as a matter of law that Lucas was entitled to a judgment in her favor. On October 3, 1984, after reviewing all pleadings, discovery, and the deposition of Joyce Lucas, the lower court granted appellee's motion for summary judgment, effectively dismissing Lucas' complaint. It is from this adverse decision that Lucas appeals.

I. DID THE LOWER COURT ERR IN GRANTING A SUMMARY JUDGMENT ON BEHALF OF THE APPELLEE?

A. WAS LUCAS AN INVITEE OR A LICENSEE?
Lucas argues that she was not a licensee, but was instead an invitee. The basis for this contention is the fact that Buddy Jones Ford had on occasion encouraged the relatives of employees to pick up payment checks, so that the employee would not have to leave the job site. Thus, as Lucas had an implied invitation, Buddy Jones Ford owed to her a duty of ordinary care to make the premises safe. As the ordinary care standard implies a fact finding, the granting of a summary judgment, pursuant to Miss.R.Civ.P. 56, would be inappropriate. Lucas v. Mississippi Housing Authority No. 8, 441 So.2d 101 (Miss. 1983).
In looking to the facts presented in the case sub judice, we must note that on the date in question, Lucas was not going to Buddy Jones Ford to pick up her husband's check. Instead, as she stated in her deposition, she was on her way to a doctor's appointment, and had dropped her son off so that her husband might "babysit". When the accident occurred, Lucas was simply in the process of picking up her son so that they could go home. Further, in her deposition, Lucas admitted that there was no business purpose in her visit to Buddy Jones Ford, and that the business derived no benefit from her visit. The stop was made simply for her personal convenience.
In drawing the long standing, and traditional distinction between a "licensee" and an "invitee" it must be noted that a licensee is a person who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the licenses or implied permission of the owner. Lucas, supra; Kelley v. Sportmen's Speedway, 224 Miss. 632, 80 So.2d 785 (1955). On the other hand, an invitee is a person who goes upon the premises of another in answer to an express or implied invitation of the owner or occupier for their mutual advantage. Lucas, supra; Hoffman *648 v. Planter's Gin Co., Inc., 358 So.2d 1008 (Miss. 1978). From this distinction, and as can be seen from Lucas' own testimony, she clearly falls into the category of a "licensee".
The significance in drawing the above distinction can be found in the duty owed by the landowner, in the present case Buddy Jones Ford, to a licensee. A landowner owes a licensee the bare duty to refrain from willfully or wantonly injuring him. Hughes v. Star Homes, Inc., 379 So.2d 301 (Miss. 1980). There is one recognized exception, in that ordinary reasonable care is required where the landowner engages in active conduct and the plaintiff's presence is known to him. Adams v. Fred's Dollar Store, 497 So.2d 1097, 1101 (Miss. 1986). This exception is not applicable where the licensee is injured as a result of the condition of the premises, or passive negligence. Id. Conversely, a landowner always owes to a business invitee the duty to exercise reasonable care for said invitee's safety. Kelly v. Retzer & Retzer, Inc., 417 So.2d 556 (Miss. 1982). As Lucas was a mere licensee, not falling within the above exception, Buddy Jones Ford owed to her only the duty not to willfully or wantonly harm her. The failure of Buddy Jones Ford to warn her of the open and obvious ice could hardly be said to rise to this level.
In Graves v. Massey, 227 Miss. 848, 87 So.2d 270 (1956), this Court stated that where the undisputed facts disclose that a plaintiff was a mere licensee, the court should not allow the jury to consider the question of whether or not his status was otherwise. The case presently at bar presents a similar situation, in that Lucas, in her own deposition, admitted that Buddy Jones Ford derived no advantage from her husband being allowed to babysit their son. As such, the lower court was correct in finding Lucas a licensee. Summary judgment was properly granted.
Additionally, we feel compelled to add that the views expressed in this opinion should not be construed as an indication that Buddy Jones Ford would be liable to Lucas if she were an invitee. Were appellant an invitee, (which as previously stated she obviously was not), Buddy Jones Ford would have only owed her the duty of exercising reasonable care to keep the premises safe, or of warning Lucas of hidden or concealed perils of which appellee knew or should have known in the exercise of reasonable care. Downs v. Corder, 377 So.2d 603, 605 (Miss. 1979). The ice which caused Lucas to fall was in no way hidden or concealed.

B. SHOULD THIS COURT ABOLISH THE DISTINCTION BETWEEN AN INVITEE AND A LICENSEE?
Lucas next argues that if this Court cannot find her to be an invitee, that it should abolish the long-held distinction between an invitee and a licensee. In this context it must be noted that this Court has continuously and regularly adhered to the common law distinction between an invitee and a licensee since the world was young. Waller v. Dixie Land Food Stores, Inc., 492 So.2d 283 (Miss. 1986); Lucas v. Mississippi Housing Authority No. 8, 441 So.2d 101 (Miss. 1983); Braswell v. Economy Supply Co., 281 So.2d 669 (Miss. 1973); Dry v. Ford, 238 Miss. 98, 117 So.2d 456 (1960); Roberts v. Mississippi Power and Light Co., 193 Miss. 627, 10 So.2d 542 (1942); Cato v. Crystal Ice Co., 109 Miss. 590, 68 So. 853 (1915). Further, in very recent decisions, we have specifically refused to abandon our long-held recognition of the categories now in question. Holley v. International Paper Company, 497 So.2d 819 (Miss. 1986); Adams v. Fred's Dollar Store, 497 So.2d 1097 (Miss. 1936).
Prosser and Keeton note that recently courts considering abandoning the distinction between an invitee and a licensee have refused to do so. Prosser and Keeton on Torts, § 62 (5th ed. 1984). As such, this Court will not at this time do away with a legal principle so long held and thoroughly developed. The assignment of error is meritless.

CONCLUSION
It is readily apparent from the facts as presented that Mrs. Lucas was a licensee. She went to Buddy Jones Ford, by her own *649 statement, to carry out no more than personal business. Buddy Jones Ford derived no advantage from her visit. As we decline at this time to abolish our traditional recognition of the distinction between a licensee and an invitee, the decision of the lower court should be and is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.