651 So.2d 1063 (1995)
Charles David BAPTISTE and Esmeralda Baptiste
v.
JITNEY JUNGLE STORES OF AMERICA, INC.,
Southern Jitney Jungle, Inc., and McCain & Associates, Inc.
No. 92-CA-00361-SCT.
Supreme Court of Mississippi.
March 9, 1995.
*1064 Robert O. Homes, Jr., Gulfport, for appellant.
Thomas W. Tyner, Aultman Tyner McNeese & Ruffin, Michael Clayton Barefield, Barefield & Barefield, Michael R. Barnes, Bryant Clark Dukes Blakeslee Ramsay & Hammond, Hattiesburg, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
On April 23, 1990, Charles and Esmeralda Baptiste (hereinafter "Baptiste") filed a complaint in the Circuit Court of Forrest County against Jitney Jungle Stores of America, Inc. (hereinafter "Jitney") and McCain & Associates, Inc. (hereinafter "McCain"). This complaint alleged: (1) that Baptiste was injured while making a delivery for his employer, Archway Cookies, to the grocery store of Jitney Jungle, (2) that McCain & Associates, Inc. was performing construction work at this store, (3) that the Defendants left construction materials in the path of the delivery entrance, (4) that the Defendants failed to provide a reasonably safe route for deliveries, (5) that the Defendants failed to adequately warn the Plaintiff of the dangerous condition, and (6) that no other route was available to the Plaintiff. The complaint prays for recovery of damages and any other relief to which the Plaintiff may be entitled.
On January 30, 1992, McCain filed a Motion for Summary Judgment, and Jitney filed a Motion for Summary Judgment on February 24, 1992. The trial court granted the motions for summary judgment of both Defendants by Order dated April 2, 1992. Aggrieved by the lower court's grant of summary judgment, the Plaintiffs perfected this appeal and present the following as error:
I. A LANDOWNER IS LIABLE TO A BUSINESS INVITEE FOR A DANGEROUS CONDITION ON HIS PROPERTY WHICH WAS OBVIOUS AND KNOWN TO THE INVITEE, WHERE THE DANGER WAS CREATED BY THE LANDOWNER, THE INVITEE HAD COMPLAINED ABOUT IT, NOTHING WAS DONE TO CORRECT THE PROBLEM, AND THERE WAS NO ALTERNATE ROUTE AROUND THE PROBLEM.

II. THE "OPEN AND OBVIOUS" RULE, WHICH USUALLY ABSOLVES THE LANDOWNER FROM LIABILITY TO AN INVITEE, (DOES NOT) APPLY *1065 WHERE THERE IS NO ALTERNATE ROUTE.

III. THE COURT ERRONEOUSLY RENDERED SUMMARY JUDGEMENT IN FAVOR OF DEFENDANTS BASED ON THE "OPEN AND OBVIOUS" RULE.

IV. THE DEFENDANTS (DID NOT MEET) THE TEST FOR SUMMARY JUDGEMENT UNDER RULE 56 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE (THAT IS, WHETHER THERE WAS "NO ISSUE OF MATERIAL FACT" AND WHETHER DEFENDANTS WERE "ENTITLED TO JUDGMENT AS A MATTER OF LAW").

Because we have abolished the doctrine of open and obvious dangers as a defense[1], this Court reverses the Order granting summary judgment and remands for trial. Since all of the issues presented are interrelated, this Court will address them collectively.

STATEMENT OF THE FACTS
On or about August 10, 1988, the Defendant McCain was doing construction at the Jitney Jungle grocery in Petal, Mississippi. Baptiste, an employee of Archway Cookies, was at the Jitney that day for the purpose of delivery. To make his delivery, Baptiste made three passes through the rear entrance/loading dock. The ramp upon which the Plaintiff claims he was injured was the appropriate route or store entrance for making deliveries to Jitney. Baptiste admitted that he had observed that the delivery area was "messy." The mess on the loading dock included wooden boards, sheetrock and wire. Baptiste recalled seeing bread racks on the loading dock which he maneuvered through to enter the store the first time. Before exiting the store for his second pass, Baptiste checked with store personnel regarding the stale items to be removed from the shelf but did not mention the debris on the loading dock. Then for his third pass, Baptiste attempted to re-enter the store carrying (by hand) thirty (30) "pieces" or the equivalent of two boxes with one full and one half full. Baptiste stated that he had to walk sideways to re-enter the store with these boxes in order to fit through the entrance. Nothing was changed about the dock from the first to the second time that he attempted to enter the store, except that Baptiste moved some of the debris he could not "get over." Baptiste claimed that the debris and bread racks blocked the passage and caused him to lose his balance and trip over the debris.
Baptiste claimed that he specifically asked one of the Jitney employees whether it would be possible to make his deliveries through another entrance due to the construction. This employee told Baptiste that he would have to use the regular entrance for deliveries. Baptiste admitted that there had been debris on the loading dock every time he had made a delivery within four to six weeks prior to the injury.
Jitney and McCain both asserted that the danger was open and obvious, and thus the claim is barred.

DISCUSSION OF THE LAW

Standard of Review for Summary Judgment
We employ a de novo standard of review in analyzing a lower court's grant of a summary judgment. Short v. Columbus Rubber and Gasket Co., Inc., 535 So.2d 61, 63 (1988). A motion for summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the Rule. Lyle v. Mladinich, 584 So.2d 397, 398 (Miss. 1991). "[T]he Court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983) (J. Robertson).

*1066 The Lower Court's Findings

The Court found that the following facts were undisputed for Summary Judgment purposes:
A. On or about August 10, 1988, the Plaintiff was employed by Archway Cookies, and was making a delivery to the Jitney Jungle Store in Petal, Mississippi.
B. On the above date, August 10, 1988, McCain and Associates, a construction company, was engaged in ongoing renovation at the Jitney Jungle Store in Petal, Mississippi.
C. The renovation had been ongoing for sometime and the Plaintiff had been in the store on several occasions with knowledge of the renovation and its attendant problems.
D. The Plaintiff entered the store through the back loading ramp and loading dock area, checked his merchandise stock, and returned to his truck by the same loading dock and ramp route.
E. The Plaintiff then selected the items to be restocked in the store, and attempted to re-enter the store by the same route carrying two boxes in his arms.
F. The Plaintiff lost his balance and fell over a pile of debris located on the loading dock ramp of Jitney Jungle.
The trial court noted that the Plaintiff described the debris as wooden boards, wire, and small sheet rock. The Plaintiff also testified that bread racks and pallets located on the loading dock created a tight squeeze for the Plaintiff to pass through in order to enter the building. The trial court found that Baptiste appreciated the need to watch his step; that Baptiste failed to complain to anyone about the problems with the loading dock; and that Baptiste admitted the only change from the first time he entered the building and the last time in which he fell was that Baptiste was carrying some boxes.
Based on the above facts and testimony, the court concluded that:
A. That the conditions which the Plaintiff claims caused him to fall (the debris and the bread racks), were conditions which were open and obvious and were actually known, observed and appreciated by the Plaintiff.
B. The Plaintiff, by his own admission, appreciated the risk and hazard associated with the conditions.
C. The Plaintiff traveled the same route into the store and out of the store safely on two occasions.
D. The condition of the premises was not altered between the Plaintiff's second and third trips.
E. The debris complained of (pieces of wood, small pieces of sheet rock, pieces of wire) was such that the Plaintiff could have moved or corrected the conditions had he chosen to do so.
I. IS A LANDOWNER LIABLE TO A BUSINESS INVITEE FOR A DANGEROUS CONDITION ON HIS PROPERTY WHICH WAS OBVIOUS AND KNOWN TO THE INVITEE, WHERE THE DANGER WAS CREATED BY THE LANDOWNER, THE INVITEE HAD COMPLAINED ABOUT IT, NOTHING WAS DONE TO CORRECT THE PROBLEM, AND THERE WAS NO ALTERNATE ROUTE AROUND THE PROBLEM?

II. DOES THE "OPEN AND OBVIOUS" RULE, WHICH USUALLY ABSOLVES THE LANDOWNER FROM LIABILITY TO AN INVITEE, APPLY WHERE THERE IS NO ALTERNATE ROUTE?

III. DID THE COURT ERRONEOUSLY RENDER SUMMARY JUDGEMENT IN FAVOR OF DEFENDANTS BASED ON THE "OPEN AND OBVIOUS" RULE?

IV. DID THE DEFENDANTS MEET THE TEST FOR SUMMARY JUDGEMENT UNDER RULE 56 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE (THAT IS, WHETHER THERE WAS "NO ISSUE OF MATERIAL FACT" AND WHETHER DEFENDANTS WERE "ENTITLED TO JUDGMENT AS A MATTER OF LAW")?

*1067 In their Motions for Summary Judgment, the Defendants assert that Baptiste was fully aware of construction debris on the loading dock that required Baptiste to exercise reasonable care which he failed to use. The Defendants also claim that the debris was open and obvious; and therefore, neither McCain nor Jitney owed Baptiste a duty nor were liable to Baptiste for conditions which were known, open and obvious. Thus, the Defendants conclude that the doctrine of comparative negligence does not apply to McCain nor Jitney since the Defendants were not negligent.
In accordance with the standard of review, we reverse and remand this cause for trial. First, it is readily apparent that there is a factual dispute over whether Baptiste suffered injuries as a result of the Defendants' negligence, either collectively or individually. The combination of debris and bread racks which cluttered the entrance obviously affected the way Baptiste would navigate his way. Miss. Code Ann. § 11-7-17 (1972) reads that "all questions of negligence and contributory negligence shall be for the jury to determine." The question of whether Baptiste or the Defendants were negligent should have been determined by a jury, with liability assigned by the jury in accordance with Miss. Code Ann. § 11-7-17.
Secondly, we have recently held that the defense of "open and obvious" dangers to negligence actions is abolished. In Tharp v. Bunge Corp., 641 So.2d 20, 24 (Miss. 1994), the Court noted that "[o]ur law sets forth the premise that there may be more than one proximate cause to a negligent act." Id. at 24 (citing King v. Dudley, 286 So.2d 814, 817 (Miss. 1973)).
The "open and obvious" standard is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant... . [I]f the defendant and the plaintiff were both at fault in causing or attributing to the harm, then damages can be determined through the comparative negligence of both.
.....
We now abolish the so-called "open and obvious" defense and apply our true comparative negligence doctrine.
Id. (emphasis added). We find that the holding in Tharp applies in the case sub judice and similarly hold that the cause should be reversed and remanded.

CONCLUSION
In our de novo review, this Court is to take the facts presented in the record "in the light most favorable to the party against whom the motion has been made." Short v. Columbus Rubber & Gasket Co., Inc., 535 So.2d 61, 63 (Miss. 1988). A genuine issue of fact exists with regard to the liability of the Defendants. Furthermore, it is apparent from the lower court's Order granting summary judgment that the court below found that the obstructions on the loading dock were "open and obvious" in making his determination. Since the "open and obvious" defense has been abolished, this Court remands the case for trial in order for the jury to find liability, if any, under the comparative negligence principles of Miss. Code Ann. § 11-7-17 (1972).
REVERSED AND REMANDED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, McRAE and SMITH, JJ., concur.
HAWKINS, C.J., dissents with separate written opinion joined by JAMES L. ROBERTS, Jr., J.
HAWKINS, Chief Justice, dissenting:
I respectfully dissent. The impediment to Baptiste's walkway was no more than is encountered in any place of business undergoing repairs.
A business undergoing repairs has special walkways, impediments to traffic, but which create no special or unusual hazard. A person of minimum ordinary care will avoid any injury. The business owner should not be a guarantor of the safety of the careless or unwary who disregards the plain and obvious impediments that create no more hazard than are encountered all the time in our public buildings, our streets and our places of business undergoing temporary repairs.
*1068 Let us proceed with the majority's rationale a moment. If the business owner cannot obtain liability insurance, or if his premiums get unaffordably high, then he must choose whether he should close his business or risk lawsuits and judgments for any and all injuries suffered during repairs. Does the majority want this? Clerks and employees idle, vendors without a customer, and the general public to suffer inconvenience all because he must guarantee the safety of even the most careless? Surely society and the law are better served by recognizing that life itself carries with it some danger, and each of us bears a responsibility for ordinary care in avoiding injury from some impediment that is in plain view.
This Court, in my view, took a wrong turn in Tharp v. Bunge Corp., 641 So.2d 20 (Miss. 1994), when we completely abolished an open and obvious danger as a defense to actions such as this. While I concede there may be instances in which exceptions should be grafted on such a defense, its abolition was bad law. I hope in time we may return to the wisdom of our predecessors on this Court.
JAMES L. ROBERTS, Jr., J., joins this opinion.
NOTES
[1] The abolition of this doctrine occurred after the entry of summary judgment by the Circuit Court of Forrest County; therefore, it was unknown by the lower court and not considered.