Deborah K. CASE and Howard M. Case, Plaintiffs,

v.

WAL-MART STORES, INC., Defendant.

No. CIV.A.3:97-CV-684.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 3, 1998.

Alfred Lee Felder, Dwayne G. Deer, Alfred Lee Felder, Attorney, McComb, MS, for Plaintiffs.

Edley H. Jones, III, Kirkland & Barfield, ·Jackson, MS, for Defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

Deborah and Howard Case bring this action against Wal–Mart Stores, Inc. following an incident where Deborah Case slipped and fell on the premises of a Wal–Mart store. At the time of the injury, Deborah Case was an employee of Frito Lay, a vendor of Wal–Mart. This cause is before the Court on cross motions for summary judgment. At issue is whether Deborah Case should be classified as a licensee or an invitee.

Having considered the Motions, briefs of the parties, and applicable legal authorities, the Court finds as follows: (1) an employee of a vendor assigned to work full-time on the premises of a merchant vendee is a business invitee while on the premises of the merchant vendee, thus, Deborah Case was a business invitee at the time of her injury and Wal–Mart had a duty to provide to her a reasonably safe work environment, (2) the Motion for Summary Judgment filed by Wal–Mart

should be denied because genuine issues of material fact exist as to whether Wal–Mart provided a reasonably safe work environment to Deborah Case; (3) the Motion for Summary Judgment filed by Plaintiffs should be denied.

## I. BACKGROUND

This action involves a Wal–Mart store located in Brookhaven, Mississippi. Wal–Mart has a comparatively new arrangement in the merchandising business where vendors assign their employees to work on a full-time basis on the premises of Wal–Mart stocking shelves, watching for expiration dates on perishable items, and rotating merchandise. This arrangement is beneficial to Wal–Mart because it does not have to hire employees to perform these duties and does not have to perform any tax or other employment accounting for those people.

Wal–Mart had this arrangement with Frito–Lay. Frito–Lay was responsible for delivery of Frito–Lay products to Wal-mart, storing the products in the warehouse of Wal–Mart, and stocking the products on the store shelves. Deborah Case is an employee of Frito–Lay assigned to full-time duty at Wal–Mart. On February 11, 1995, Deborah Case and her husband, Howard Case, entered the Wal–Mart store for the purpose of stocking Frito–Lay products on the shelves. She asked her husband to accompany her because she did not feel well and needed assistance performing her duties. At some point, some vanilla ice cream melted on the floor of Wal–Mart. Deborah Case walked down the aisle and slipped on the ice cream. She subsequently filed this lawsuit for damages. Howard Case filed a claim for loss of consortium. Wal–Mart and the Plaintiffs have filed Motions for Summary Judgment.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).

The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. DISCUSSION

### A. Is Deborah Case a Licensee or an Invitee?

It is well settled that "an invitee is a person who goes upon the premises of

another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Clark v. Moore Memorial United Methodist Church,* 538 So.2d 760, 763–64 (Miss.1989). The Mississippi Supreme Court has recognized two classes of invitees. In *Clark v. Moore Memorial United Methodist Church,* 538 So.2d 760, 763 (Miss.1989) the Mississippi Supreme Court cited the Restatement (2d) of Torts, § 332 (1965), which provides:

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

However, "a licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner." *Id.* at 764. Since the facts are not in dispute, the question of Deborah Case's status is a question of law for the Court. *Id.*

■ The distinction between whether Deborah Case is a business invitee or a licensee has great significance. If the Court finds that she was a licensee at the time of her injury, the duty of Wal–Mart would be to refrain from willfully or wantonly injuring her. *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.,* 518 So.2d 646, 648 (Miss. 1988). On the other hand, if the Court finds that Deborah case was a business invitee, then Wal–Mart would have a duty to exercise reasonable care to keep the premises in a safe condition. *Skelton v. Twin County Rural Electric Assoc.,* 611 So.2d 931, 936 (Miss. 1992).

Since the jurisdictional basis of this lawsuit is diversity of citizenship between the parties, under *Erie,* the Court must apply Mississippi law in determining status of Deborah Case. The Court notes that no Mississippi case has dealt with the issue of the status of an employee of a vendor assigned to work full-time on the premises of a merchant vend-ee. The status of such an employee is somewhat analogous to the status of the employee of an independent contractor who is on the business premises of another. No Mississippi case has directly dealt with that issue either. This Court has examined Mississippi cases, case law from other states, and the opinions of legal commentators in the field of tort law. The Court has concluded that if faced with this issue before this Court, the Mississippi Supreme Court would find that an employee of vendor working full-time on the premises of a merchant vendee is a business invitee and not a mere licensee.

### B. Mississippi Cases

In *Ingalls Shipbuilding Corp. v. McDougald,* the Mississippi Supreme Court stated, "one who employs an independent contractor is nevertheless answerable for his own negligence. So an employer owes a duty to an independent contractor and the latter's employees to turn over to them a reasonably safe place to work or to give warning of the danger." *Ingalls Shipbuilding Corp. v. McDougald,* 228 So.2d 365, 367 (Miss.1969). This language suggests that an employee of an independent contractor working for a contractee/owner is an invitee and not a mere licensee. If so, it appears that an employee of a vendor to a merchant vendee assigned full-time to the vendee's premises would be at least in an analogous position.

In *General Tire and Rubber Company v. Darnell,* 221 So.2d 104 (Miss.1969), the Mississippi Supreme Court stated that an employee of an independent contractor injured on a defendant's premises was an invitee. In *Darnell,* the plaintiff was an employee of a heating company. General Tire hired the heating company to install an air conditioner on its premises. The plaintiff's hand got caught in an elevator while he was installing the air conditioner. The Mississippi Supreme Court recognized that the plaintiff was an invitee. The court stated that "[t]he owner or occupier of business premises owes business invitees the duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition." *Darnell,* 221 So.2d at 107.

*Baptiste v. Jitney Jungle Stores of America, Inc.*, 651 So.2d 1063 (Miss.1995) is factually similar to the case at bar. In *Baptiste,* an employee of Archway Cookies went to Jitney Jungle to make a delivery. Deborah Case correctly points out that it could be inferred from *Baptiste* that a person delivering goods to a store is a business invitee. The Mississippi Supreme Court assumed that Baptiste was an invitee by phrasing the issue as follows:

> I. IS A LANDOWNER LIABLE TO A BUSINESS INVITEE FOR A DANGEROUS CONDITION ON HIS PROPERTY WHICH WAS OBVIOUS AND KNOWN TO THE INVITEE...
>
> II. DOES THE "OPEN AND OBVIOUS" RULE WHICH USUALLY ABSOLVES THE LANDOWNER FROM LIABILITY TO AN INVITEE, APPLY WHERE THERE IS NO ALTERNATE ROUTE?

Based on the cases discussed above, the Court can only conclude that the Mississippi Supreme Court would find that a plaintiff in Deborah Case's position would be an invitee.

The Court notes that Wal–Mart cites some cases that support its position, however, these cases can be distinguished. Wal–Mart relies heavily on *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.*, 518 So.2d 646 (Miss. 1988). In *Lucas,* the plaintiff left her son at a car dealership with her husband who worked at the dealership. The plaintiff later returned to pick up her son but had no intention of buying a car. The Mississippi Supreme Court held that the plaintiff was a mere licensee and not an invitee. Wal–Mart also cites *Graves v. Massey,* 227 Miss. 848, 87 So.2d 270 (1956). In *Graves,* the Mississippi Supreme Court held that an automobile salesman who went to a gas station to talk to an employee about the sale of an automobile was a licensee.

*Lucas* and *Graves* can be distinguished from the facts of this case. Generally, an invitee is a person who comes onto the premises of another for the mutual benefit of both parties. The plaintiffs in *Lucas* and *Graves* were classified as licensees because they went on the property of the defendants for their own benefit. There was no mutual benefit because the defendant did not benefit from the plaintiffs'. visits. However, in this case, there is a mutual benefit and Deborah Case is an invitee because Wal–Mart benefitted from her coming onto the premises. Wal–Mart profits from the sale of merchandise stocked by vendors.

However, *Mississippi Power & Light Company v. Walters,* 248 Miss. 206, 158 So.2d 2 (1963) suggests that an employee of an independent contractor is a licensee while on the property of a landowner. In *Walters,* the Mississippi Supreme Court held that an employee who was on the property of another removing the equipment of a drilling company from a well was a licensee. To the extent that *Walters* stands for the proposition that an employee of an independent contractor such as Deborah Case is a licensee, the Court finds that the Mississippi Supreme Court would expressly overrule this case in light of later cases which seem to hold to the contrary.

## C. Law of Other States

The law of other states provides persuasive authority for the proposition that Deborah Case is an invitee.

Under Florida law, an employee of an independent contractor injured on the property of a landowner has "the status of a business visitor or invitee upon the premises of the landowner." *Nurdin v. Anheuser–Busch, Inc.*, 392 So.2d 928, 929 (Fla.Dist.Ct.App. 1980) (*citing Hall v. Holland,* 47 So.2d 889 (Fla.1950)).

Under Tennessee law, the rule is as follows:

> The status of an employee of an independent contractor, while performing work on the premises of the owner-contractee, is that of an invitee, so long as the employee (1) is using such portion of the premises as reasonably comes within the limits of the invitation, (2) during the time the invitation reasonably extends, and (3) for the purpose reasonably intended by the invitation ....
>
> As the consequence of the classification of an employee of the independent contractor as an invitee, the owner-contractee is under the duty to exercise reasonable care to

see that the employee has a reasonably safe place in which to work.

*See Dempster Brothers, Inc. v. Duncan,* 61 Tenn.App. 88, 452 S.W.2d 902, 906 (1969).

The Supreme Court of Iowa has also recognized that "an employee of an independent contractor, hired by the owner of the premises, is within the business-invitee class while on the premises of the owner." *Greenwell v. Meredith Corp.,* 189 N.W.2d 901, 905 (Iowa 1971). The court recognized that "one who is having work done on his premises by an independent contractor is under the obligation to use ordinary care to keep the premises in a reasonably safe condition for the servants of the contractor." *Id.*

Under Indiana law, "an employee of an independent contractor is a business invitee, and a landowner has a common law duty to exercise due care to keep the property in a reasonably safe condition for business invitees." *Ooms v. USX Corp.,* 661 N.E.2d 1250, 1252 (Ind.Ct.App.1996)(*citing Woods v. Qual–Craft Industries, Inc.,* 648 N.E.2d 1198, 1200–01 (Ind.Ct.App.1995)). This rule is no different in Michigan. *See Beals v. Walker,* 416 Mich. 469, 331 N.W.2d 700, 704 (1981).

### D. The View of Legal Scholars

The leading commentators in the field have also recognized that an employee in Deborah Case's position is an invitee. At least one commentator has recognized that "drivers calling for or delivering goods purchased or sold, independent contractors doing work on the premises and the ... [workers] employed by such contractors ... are invitees." *See* W. Page Keeton et. al., *Prosser and Keeton on The Law of Torts* § 61, at 419 (5th ed.1984).

Moreover, American Jurisprudence recognizes the same rule by stating:

Independent contractors employed by the owner or occupant of premises to perform work thereon are generally held invitees, to whom the owner or occupant of the premises owes a duty to exercise reasonable care to keep the premises in a safe condition. Such duty has been said to exist not because of any contractual relation between the owner and the contractor, but because of the general principle that an owner or occupant of premises is bound to use ordinary care toward persons who come upon the premises for a purpose in which the owner is interested.

The employee of an independent contractor present on the premises by virtue of his employment is an invitee of the owner or occupant of the premises. Consequently the duty of the owner to such employee of a contractor is the same as the duty to other invitees ...

62 Am.Jur.2d *Premises Liability* § 457 (1990).

### E. Conclusion on the Status of Deborah Case

■■■ The Court finds that the status of an employee of a vendor assigned full-time to work on the premises of a merchant vendee is that of a business invitee under Mississippi law. This proposition has been implied by the Mississippi Supreme Court for some time even though it has not been expressly stated. Moreover, the Court concludes that the Mississippi Supreme Court would follow the law of other states referred to in this opinion. Thus, the Court finds that "Deborah Case was a business invitee of Wal–Mart on the day she was injured and Wal–Mart owed a duty to her to exercise reasonable care to keep the premises in a reasonably safe condition ..." *Munford v. Fleming,* 597 So.2d 1282, 1284 (Miss.1992)(*quoting Jerry Lee's Grocery, Inc. v. Thompson,* 528 So.2d 293, 295 (Miss.1988)). Accordingly, the Court finds that the Motion for Summary Judgment filed by Wal–Mart will be denied because genuine issues of material fact exist with respect to this issue of whether Wal–Mart breached this duty.

### IV. Plaintiffs' Motion for Partial Summary Judgment

■■ Deborah Case and her husband claim that they are entitled to summary judgment on the issue of the liability of Wal–Mart because there is no contradictory evidence from which a reasonable juror could conclude that Wal–Mart is not liable. The Court does not agree and finds that based upon the record in this case, genuine issues of material

fact exist which preclude summary judgment in favor of the Plaintiffs.

## V. CONCLUSION

IT IS THEREFORE ORDERED that the Motions for Summary Judgment filed by both parties [26–1 and 27–1] are not well taken and are hereby denied.