IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-60093
_____

H. S. STANLEY, Jr., Trustee of the Bankruptcy
Estate of Kathy Delk,

                Plaintiff-Appellant,

KATHY DELK

                Appellant,

versus

JOHNNY GRAY, Etc.; ET AL

                Defendants,

JOHNNY GRAY, Individually and doing business as Contractor's
Edge; CONTRACTOR'S EDGE; THE LATHAN COMPANY; AMERICAN NATIONAL
INSURANCE COMPANY, Individually and doing business as
Edgewater Mall; AMERICAN NATIONAL REAL ESTATE MANAGEMENT
CORPORATION, Individually and doing business as Edgewater
Mall

                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CV-217-RG
_____

January 6, 2003

Before JOLLY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

    H.S. Stanley ("Stanley") and Kathy Delk ("Delk") appeal the

district court's grant of summary judgment in favor of defendants

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnny Gray, Contractor's Edge, The Lathan Company ("contractors"), American National Insurance Company and American National Real Estate Management Corporation ("mall owners"). Because the district court erroneously applied collateral estoppel and determined that Delk was a licensee rather than a business invitee, we REVERSE and REMAND.

## I.

Delk co-owned a beauty salon located in Edgewater Mall called Edgewater Glamourama. On May 29, 1999, few days before Edgewater Glamourama's lease of space in Edgewater Mall expired, Delk went to Edgewater Mall to remove equipment from the Edgewater Glamourama space. Because of ongoing renovation at Edgewater Mall, Delk could only access the Edgewater Glamourama space through a single outside entrance. A large dumpster had been placed near the entrance, apparently for the purpose of collecting debris from the renovation of the roof of Edgewater Mall. While exiting her shop, Delk was struck on the head and injured by debris thrown by workers from the roof. As a result she suffered neck and back injuries that required several surgeries.

Stanley, as Delk's trustee in bankruptcy, brought suit on behalf of Delk against the contractors and the mall owners, alleging that she was injured as a result of their negligence. The district court granted summary judgment, concluding that the claims were barred by collateral estoppel and that Delk was a licensee to whom the defendants owed no duty of reasonable care.

2

We have carefully considered the record, briefs and arguments of counsel and are convinced that collateral estoppel is not applicable in this case, that Delk was a business invitee entitled to reasonable care, and that issues of material fact exist which preclude summary judgment.

Under Mississippi law collateral estoppel prevents parties from litigating in a current action issues decided in a prior action. The actions must be between the same parties and involve the same subject matter and cause of action. <u>Farris v. State</u>, 764 So. 2d 411, 423 (Miss. 2000)("an issue of ultimate fact which was a valid and final judgment may not be relitigated between the same parties in a subsequent suit.") The district court based its finding of collateral estoppel on a prior action brought in Mississippi state court by Delk against the mall owners alleging breach of contract, tortious interference with business relations and other claims based on Edgewater Glamourama's lease. The Mississippi court dismissed the suit because Delk, who was not a signatory to the lease, lacked standing. The prior action did not involve the same cause of action or subject matter as the current action and, because it was dismissed for lack of standing, clearly did not involve the litigation or the resolution on the merits of any issues present in the current action. In addition, the determination in the prior suit that Delk was not a signatory to the lease does not bear on whether she is or is not a third party

beneficiary to the contract between the mall owners and the contractors at issue in this case. For these reasons, the district court erred by applying collateral estoppel in this case.

The district court also held that Delk was a licensee rather than a business invitee and therefore not entitled to reasonable care by the defendants under Mississippi law. A licensee enters the property of another for his own benefit, while an invitee enters the property of another for the mutual benefit of both owner and invitee. A business invitee is an invitee whose presence is directly or indirectly connected with business dealings with the property owner. <u>Case v. Wal-Mart Stores, Inc.</u>, 13 F.Supp. 2d 597, 600 (S.D. Miss. 1998). Owners have a duty of reasonable care with respect to business invitees. <u>Id.</u> Delk was on Edgewater Mall property in connection with her status as an employee and co-owner of Edgewater Glamourama, a business which had a valid lease of the space with the mall owners. As such, Delk was a business invitee entitled to reasonable care with respect to both the mall owners and the contractors.

The district court erred in applying collateral estoppel and in determining that Delk was a licensee rather than a business invitee under Mississippi law. With the issues thus resolved, there remain disputed issues of material fact that preclude the grant of summary judgment. Accordingly, the judgment of the district court is REVERSED and the matter is REMANDED to the

4

district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.