Roy DRY, A MINOR, *v.* FORD, et al.

No. 41360        February 1, 1960        117 So. 2d 456

*Quitman Ross, E. K. Collins,* Laurel, for appellants.

*Melvin, Melvin & Melvin,* Laurel, for appellees.

ETHRIDGE, J.

This case involves a tort claim by one who entered premises as a business invitee, but whose status changed thereafter, we think, to that of a licensee, by using the premises for purposes not included in his invitation. The Circuit Court of Jones County, Second Judicial District, gave a peremptory instruction for the defendants, appellees here. We affirm that decision.

Appellant Roy Dry worked for Brown hauling turnip greens. Upon returning to Laurel, they purchased a dimmer switch for Brown's pickup truck, and drove to a garage owned by appellee Ford. With the truck in the garage's entrance, they asked the foreman if a mechanic could install the dimmer switch. Since the time was 4:45 P. M., the foreman advised Brown that they did not have time that day to fix it. Brown asked him if it would be all right for them to install the switch themselves, and he "said it would." Brown backed the car out of the entrance and pulled it to the right of the door, about 1½ feet from the driveway into the garage. Dry got under Brown's truck to hand the switch up to Brown. His feet were sticking out from under the truck about two feet, so they were partly upon the driveway. At that time defendant Pitts, a mechanic, was driving a car from the lot into the garage for the night. He drove up to the entrance, backed his car to get a better angle, and while pulling into the garage ran over and injured Dry's foot.

When plaintiff entered the business premises of defendants, he entered as an implied business invitee. However, the undisputed evidence shows that the implied invitation terminated when defendants' foreman advised plaintiff and his employer Brown that they could not install the dimmer switch that day, and when Brown asked for and received permission for him and Dry to install the switch themselves on the premises of the motor company. Plaintiff was acting thereafter solely for his own benefit and convenience.

■■ Possessors of premises have the duty to use reasonable care with reference to invitees on their business property. That duty is coextensive with the invitation. An inviter's duty and corresponding liability for breach of duty are measured and limited by the nature of the invitation held out to the invitee. (Hn 2) If the latter goes beyond the bounds of his invitation, as Dry did here, he loses the status of invitee and the rights which accompany that state. Dry became a licensee. 65 C. J. S., Negligence, Secs. 46, 48, 33, 23b; 38 Am. Jur., Negligence, Secs. 131, 132, 99-101; Kelly v. Sportsmen's Park, Inc., 224 Miss. 632, 80 So. 2d 785 (1955).

■■ The undisputed evidence for plaintiff would not warrant a jury in finding that appellees willfully or wantonly injured him. This is the recognized measure of the duty of a possessor of premises to a licensee. Bishop v. Stewart, 234 Miss. 409, 106 So. 2d 899 (1958). Something more is required than mere inadvertence or lack of attention. There must be a more or less extreme departure from ordinary standards of care. The conduct must differ in quality, as well as in degree, from ordinary negligence, and must involve a conscious disregard of a known, serious danger. Prosser, Torts (2d Ed. 1955), Sec. 77. ■■ Appellant's testimony reflects that he knew the truck was parked close to a frequently used driveway into the garage, and with that knowledge he stuck his feet out onto the driveway for six to twelve inches. He had been under the truck and in that position for about five minutes. Pitts, driving the car, blew his horn, but did not see plaintiff's feet on the edge of the driveway. Assuredly under these circumstances a jury would not be warranted in finding that defendants willfully or wantonly injured this licensee on their premises.

Affirmed.

All Justices concur, except *Roberds, J.,* who took no part.