Appellant, Mrs. Juanita Astleford, brought suit in the Circuit Court of Harrison County against appellees, Milner Enterprises, Inc., doing business as Sun-N-Sand Motel and its employee, Odell McGee, seeking to recover damages for personal injuries alleged to have resulted from the negligence of appellees. The trial court allowed the case to go to the jury and it returned a verdict in favor of appellant assessing her damages of $50,000. Appellees filed a motion for a judgment notwithstanding the verdict and a motion for a new trial. The court sustained the motion for a judgment notwithstanding the verdict of the jury and entered judgment dismissing the suit. From this judgment Mrs. Astleford appealed and appellees cross appealed to protect their rights under their motion for a new trial. We affirm on direct and cross appeal.
Appellant alleged she was injured at the Sun-N-Sand Motel while visiting with an employee of the motel. The evidence most favorable to appellant established that she and Mrs. Johnson, an employee of the motel, were standing in a driveway which *Page 525 
runs in an east-west direction on the motel premises. Mrs. Astleford was standing adjacent to the curb facing south and Mrs. Johnson was standing in front of her. They were engaged in a conversation. The driveway was marked with an arrow which indicated that it was for one-way traffic to the east. Appellee, Odell McGee was employed by the motel and was driving a panel truck. He pulled into the driveway and parked about one truck length west of where the ladies were standing. He went into the laundry room to pick up some laundry. Mrs. Astleford noticed the truck parked in the driveway but did not notice McGee when he got into the truck and backed it in an easterly direction on the driveway. McGee testified that he did not notice the ladies when he got into the truck. He said he looked in the mirror on each side of the truck before backing and did not see anyone. He backed his truck at a speed he estimated to be eight to ten miles per hour. The truck struck Mrs. Johnson and she was knocked to the pavement. Mrs. Astleford said the truck was right up on her before she saw it and it struck her on the right shoulder knocking her into the brush. She said the next thing she knew she was standing up beside the truck.
The trial court overruled a motion by appellees for a peremptory instruction at the close of appellant's case. After all the evidence was presented the court submitted the issue of whether appellees were guilty of wilful or wanton negligence to the jury. In sustaining the motion for a judgment notwithstanding the verdict of the jury, the trial court held that the evidence most favorable to the appellant did not warrant the jury in finding that the appellees were guilty of wilful or wanton negligence and, in effect, held that it should have sustained the peremptory instruction.
Appellant assigns several errors for reversal of this case, but in her brief she combines the assignment of errors into two propositions. We will take them up in the same order as briefed.
Proposition I in the language of the appellant is as follows: "The trial court erred in holding that the appellant was a mere licensee and that the only duty owed to appellant by appellees was to refrain from wilfully or wantonly injuring her." Appellant concedes that this Court has adopted the historical distinction between trespassers, licensees, and invitees and that if these concepts are followed in this case it is undoubtedly true that appellant was, at best, a mere licensee. Appellant strongly insists that we should abandon, at least for the instant case and cases like it, these traditional concepts. It is pointed out that at least two states, California and Hawaii, have already done so. We have read and considered the authorities cited by appellant and, although they are persuasive, we are not convinced that we should at this time abandon our well-established distinction between persons on property of another and the duty the possessor of the premises owes to such persons. The standard adopted by the Hawaiian court in Pickard v. City and County of Honolulu,452 P.2d 445 (1969) appears to be very simple. The standard adopted by that court is as follows:
 [T]hat an occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises regardless of the legal status of the individual.
 (452 P.2d at 446).
After a careful consideration and study of this rule we can envision many problems in its application and we do not think conditions have changed to such an extent that we should adopt this rule at this time.
It is also pointed out that other courts have made a differentiation between active and passive negligence in determining the right of a licensee to recover. These courts hold that where the negligence is passive the licensee is not permitted to recover in the absence of proof of wilfulness or wantonness but where the negligence is active, that is, actual operation on the premises, then a licensee is permitted to recover *Page 526 
if the possessor of the premises is guilty of simple negligence or fails to use ordinary, reasonable care. We have not as yet made this differentiation and do not think that we should do so in this case. It is the thinking of this writer, but not necessarily that of the Court, that this area of law merits further study in the light of present day conditions and it may well be that this Court will in the future abandon the traditional distinctions between trespassers, licensees and invitees, or at least draw a distinction between active and passive negligence insofar as a licensee is concerned.
Proposition II is: "The trial court erred in sustaining the appellee's motion for a judgment notwithstanding the verdict."
Appellant urges that the facts of this case made a jury question as to whether appellees were guilty of wilful or wanton negligence and that the evidence is sufficient to support the verdict of the jury. A careful study of the record convinces us that the action of the trial court was correct. Appellant's status was that of a licensee and the possessor of the premises owed her the duty not to wilfully or wantonly injure her. The case of Dry v. Ford, 238 Miss. 98, 117 So.2d 456 (1960) involved a young man who was injured while a licensee on the premises of Ford. He was under a pickup truck with his feet sticking out about two feet and an employee of Ford, while driving a car into the garage, did not see Dry's feet and ran over them. The trial court granted a peremptory instruction at the request of the defendants. In affirming the case we said:
 The undisputed evidence for plaintiff would not warrant a jury in finding that appellees willfully or wantonly injured him. This is the recognized measure of the duty of a possessor of premises to a licensee. Bishop v. Stewart, 1958, 234 Miss. 409, 106 So.2d 899. Something more is required than mere inadvertence or lack of attention. There must be a more or less extreme departure from ordinary standards of care. The conduct must differ in quality, as well as in degree, from ordinary negligence, and must involve a conscious disregard of a known, serious danger. Prosser, Torts (2d ed. 1955), Sec. 77.
 (238 Miss. at 102, 117 So.2d at 458).
See also, Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 26 (1962).
When we consider the facts of this case in the light of the rule announced above, it is apparent that the trial court was correct in granting the judgment notwithstanding the verdict.
We find no error in the procedure followed by the trial court in this case. In fact, it is the proper procedure for the trial court to follow in cases where doubt exists in the mind of the court as to whether a peremptory instruction should be granted. Under such circumstances it is much better to submit the issue to the jury. Then, if the jury returns a verdict contrary to what the court after further deliberation thinks is contrary to the law, the court can sustain a motion for a judgment notwithstanding the verdict. When a case reaches this Court in this posture and it is determined that the trial court was in error in granting a motion for a judgment notwithstanding the verdict, we can reinstate the judgment based upon the jury verdict without the necessity of remanding the case for another trial. In many cases, this procedure saves time and expense for the courts and litigants. We do not mean to infer by what has been said that the trial court should submit every case to the jury. When the trial court is convinced that a peremptory instruction should be granted, it, of course, should do so.
For the reasons stated this case is affirmed on direct appeal. This action makes it unnecessary to consider the errors *Page 527 
assigned on cross appeal and the case is also affirmed on cross appeal.
Affirmed on direct and cross appeal.
GILLESPIE, P.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.