PATTERSON, Justice:
This is an appeal by Joseph R. West from a judgment of the Circuit Court of George County. The judgment of $200,000 was awarded to the administratrix of the estate of John Everett Williams who was shot and killed by West. This was the second trial of the case since the jury award of $10,000 in the first trial was set aside by the lower court due to the inadequacy of the damages.
The appellant contends on appeal that the lower court erred in directing the jury to find for the plaintiff in both trials of the cause; the verdict of the jury on the second trial is contrary to the weight of the evidence; and the verdict of the jury reflects bias and prejudice against the appellant.
The uncontradicted evidence reflects that plaintiff’s decedent, Williams, was shot and killed without warning by the defendant while bird hunting upon the defendant’s property. The only excuse offered by the defendant in explanation of his incredible action in taking the life of Williams was that he had requested the decedent to advise him before hunting on his property. This testimony is contradicted by the decedent’s hunting companion, Paul Revere, who was also wounded by the shots fired by the defendant. He.testified that they had obtained permission from West to hunt on his property and that West did not request to be advised of their presence on the day of the hunt.
We are of the opinion that there was no error on the part of the lower court in instructing the jury to find for the plaintiff in the first trial. Neither was there error in restricting the case to the question of damages only on the second trial. The record, without elaboration on our part, permits no other conclusion than liability on the part of West. We conclude that the court properly directed the jury to find for the plaintiff.
The next assignments of error are that the verdict is contrary to the weight of the evidence and reflects bias and prejudice against the appellant. Assuming that these assignments are directed to the amount of damages, since the jury was instructed to find for the plaintiff on liability, we again conclude these contentions to be without merit. The only contradiction in the evidence is whether the decedent was to advise the defendant of his presence on the day of the hunt or whether the previous permission granting them the right to hunt did not require this notification. The distinction to be drawn from this contradiction is negligible, we think, since the duty owed to the decedent whether he be a trespasser or a licensee is the same. In Roberts v. Mississippi Power & Light Co., 193 Miss. 627, 638, 10 So.2d 542, 544 (1942), we stated:
* * * It is unnecessary to cite authority to support the contention that an owner of land owes no duty to trespassers or licensees except to refrain from wilful or wanton injury. * * *
*593 This identical theory was reannounced in Wright v. Caffey, 239 Miss. 470, 123 So.2d 841 (1960). See also Dry v. Ford, 238 Miss. 98, 117 So.2d 456 (1960), and Kelley v. Sportsmen’s Speedway, Inc., 224 Miss. 632, 80 So.2d 785 (1955). The argument is advanced, however, that the jury did not consider the evidence of West that the decedent was a trespasser at the time of his death. It is argued that the act of trespassing without notifying the defendant constituted negligence on the part of Williams which the jury should have considered in diminishing the damages. This argument is based, without more, upon the disparity between the first judgment of $10,000 and the final judgment of $200,000 which, it is contended, reflects bias and prejudice on the part of the jury since it was not reduced by contributory negligence. The court was not requested to grant a contributory negligence instruction, but conceding for the purpose of this opinion that the jury may consider contributory negligence without instruction, we nevertheless cannot state from the size of the verdict that the jury did not consider the negligence of the decedent, if any there might have been, in its deliberations prior to verdict since the verdict under the circumstances of this case is neither so excessive as to indicate a lack of consideration of all evidence and issues nor is it so large as to evince bias or prejudice on the part of the jury toward the defendant.
We have considered the record and arguments with due care. The verdict is large, but in view of the decedent’s age, 30 years; earning capacity, $11,000 per year; life expectancy, 40.9 years; the loss of companionship; and the wilful and wanton disregard for human life by the defendant, we cannot say that it is excessive.
Affirmed.
ETHRIDGE, C. J., and JONES, IN-ZER, and ROBERTSON, JJ., concur.