336 So.2d 730 (1976)
Lavern AUSMER
v.
George J. SLIMAN and Jody Johnson.
No. 48774.
Supreme Court of Mississippi.
August 24, 1976.
*731 Johnston, Pritchard & Wright, Pascagoula, for appellant.
White & Morse, Gulfport, for appellees.
Before INZER, SUGG and LEE, JJ.
LEE, Justice, for the Court:
This is an action by Lavern Ausmer against George J. Sliman and Jody Johnson for the wrongful death of her six-year-old son. The Circuit Judge of Jackson County, hearing the case without a jury, entered judgment for defendants at the conclusion of the plaintiff's testimony, and Ausmer appeals.
The sole question is whether or not the trial judge erred in excluding the evidence of appellant and in entering judgment for appellees.
The child, Miles Bainsford, drowned in a swimming pool of appellees on July 29, 1973. Appellees owned an apartment building, and the pool was located at its rear. The deceased lived about two blocks away. At various times, children slipped into the swimming pool area and swam in the pool, both during the day and night. Appellees learned of this practice, they placed signs around the pool warning persons other than the tenants to stay away from the premises, and they told the children to keep away from the area.
On the occasion of the tragic accident, Miles, his nine-year-old brother, Harold, and another child were looking for a little girl friend with whom they wished to play. Miles was "making like a motorcycle" when he ran through the apartment property near the swimming pool, tripped over the handle of a net used to clean the pool, fell, struck his head on the concrete and rolled into the water. His brother was unable to rescue him and Miles drowned.
The long-established rule in this state is that water hazards are not attractive nuisances, and the attractive nuisance doctrine does not extend to swimming pools, although there may be exceptions where the hazards are hidden or concealed and are not likely to be found and avoided by a child. Gordon v. C.H.C. Corporation, 236 So.2d 733 (Miss. 1970); McGill v. City of Laurel, 252 Miss. 740, 173 So.2d 892 (1965).
Miles Bainsford was not attracted to the pool and apartment area for the purpose of swimming, but he was looking for his friend. A cleaning net by the side of the pool could not be said to constitute a danger and a hazard. If there had been no pool at the site and the child had tripped over the handle, struck his head on the concrete and sustained fatal injury, the appellees here would not have been liable.
Under established law in this state the only duty owed the child, as a trespasser, was not to willfully or wantonly injure him. Langford v. Mercurio, 254 Miss. 788, 183 So.2d 150 (1966); Kelley v. Sportsmen's Speedway, Inc., 224 Miss. 632, 80 So.2d 785 (1955).
We, therefore, conclude that the trial judge was correct in entering judgment for appellees, and the judgment must be and the same is affirmed.
AFFIRMED.
*732 GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.
WALKER, J., took no part.