# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01539-SCT

*LORA ANDERSON, INDIVIDUALLY AND AS NATURAL PARENT OF ALISHA ANDERSON, DECEASED, A MINOR, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES*

*v.*

*CLAIBORNE COUNTY RECREATION CLUB, INCORPORATED; CLAIBORNE COUNTY RECREATIONAL ASSOCIATION; HELEN SLAY; MALCOLM MONTGOMERY; DANNY LURK; JO ANN LURK; TONY DODGEN; CATHI DODGEN; JUDY HYNUM; RONNIE HYNUM; MRS. CHARLES BARLAND; RONNIE BROWN; NANCY HYNUM; JIM HYNUM; STEVE PURVIS; ALLEN BROWN; KATHY BROWN; ALLEN BURRELL; ISABELLA PERSON; RAYMOND WILLIS; RUTH WILLIS; CHARLES DONALD; SHELBY DONALD; J.W. PERSON; ALEX BATTON; JERRY MORGAN; KAY MORGAN; JORDAN COLEY; CAROLYN COLEY; DOUGLAS NASIF; REBECCA NASIF; LISA MCFATTER; MELVIN H. MCFATTER; MARY SEE; WINBORNE M. DRAKE; RUTH A. DRAKE; BOBBIE JORDAN; MERRIE MILES WOOTEN; ANITA DAVIDSON; ROBERT DAVIDSON; FRED STUART; LINDA STUART; RON BULLOCK; WILLIE CASE; JOE FOSTER; AND VIVIAN RANER*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/8/2000 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES RANDAL WALLACE |
| | ROBERT C. BOYD |
| ATTORNEYS FOR APPELLEES: | J. TUCKER MITCHELL |
| | LUKE DOVE |
| | ROBERT COLEMAN |
| | JOANNA E. BUSBY |
| | WADE G. MANOR |
| | HUGH GILLON |
| | ROGER C. RIDDICK |
| | R. E. PARKER |
| | LEE DAVIS THAMES |

JOHN ALFRED WAITS

ROBERT S. ADDISON

SAM STARNES THOMAS

WILLIAM DOUGLAS MANN

ARTHUR F. JERNIGAN

SAMUEL ERNEST LINTON ANDERSON

NATURE OF THE CASE: CIVIL - WRONGFUL DEATH

DISPOSITION: AFFIRMED-04/04/2002

MOTION FOR REHEARING FILED:

MANDATE ISSUED: 4/25/2002

**BEFORE McRAE, P.J., EASLEY AND GRAVES, JJ.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On July 10, 1996, Alisha Anderson drowned in a swimming pool after she crawled through a hole in a fence to reach the pool. Her mother, Lora Anderson, brought this wrongful death suit against the owners of the pool, and the trial court granted summary judgment for the defendants. On appeal, Anderson asserts that the trial court erred in granting summary judgment in favor of the defendants as to (1) the recovery by Lora Anderson for the death of her daughter and (2) the status of the defendants as a corporation or as an unincorporated association. We find no error in the circuit court's holding as to the duty owed to the decedent and affirm.

## FACTS

¶2. Six-year-old Alisha Anderson climbed through a hole in a chain-link fence surrounding a swimming pool owned by the Claiborne County Recreation Association/Claiborne County Recreation Club, Inc. ("CCRC"), entered the pool, and accidentally drowned. At the time of the incident, the pool was closed, and the gate was locked. All parties agree that Anderson was trespassing when she died. It has also been stipulated that there had been a hole in the fence for at least a year prior to the accident.

## DISCUSSION

¶3. Anderson asserts that the issue is whether the trial court erred in granting summary judgment in favor of CCRC as to recovery by Anderson for the death of her daughter and the status of CCRC as a corporation or an unincorporated association. The trial court decided the motion for summary judgment based on Anderson's ability to collect damages for the drowning death of her daughter. It did not address the issue of whether CCRC is a corporation or an unincorporated association. Therefore, we will not discuss that latter issue.

¶4. There is no dispute that Anderson's daughter was a trespasser at the time of her death. The parties agree that the duty of care which this Court applies to a trespasser is to refrain from willful and wanton conduct. *Adams v. Fred's Dollar Store*, 497 So. 2d 1097, 1100 (Miss. 1986); *Goodwin v. Jackson*,

484 So. 2d 1041, 1045 (Miss. 1986); *Ausmer v. Sliman*, 336 So. 2d 730, 731 (Miss. 1976). The conflict arises over the definition of such conduct. Can wanton conduct be demonstrated by a failure to act, as the plaintiff alleges, or must it be shown by an intentional act?

¶5. CCRC depends on the body of Mississippi law that involves the drowning deaths of children who were trespassing. Following the holdings in each of these cases, the conduct of CCRC in not repairing the hole in the fence does not rise to the level of willful and/or wanton conduct. *Goodwin,* 484 So. 2d at 1045; *Ausmer,* 336 So. 2d at 731. In fact, CCRC is not even required to have a fence around the swimming pool. *Id.*; *Gordon v. C.H.C. Corp.*, 236 So. 2d 733, 734-36 (Miss. 1970). In *Gordon*, a ten-year-old boy drowned in a motel swimming pool that had no lifeguard or fence. *Id.* at 733. We held that nothing was hidden or in any way concealed about the danger and that the defendant exhibited no willful or wanton conduct. The trial court's peremptory instruction for the defendant was affirmed. *Id.*; 236 So. 2d at 736. *Ausmer* involved the drowning of a six-year-old boy in the pool of an apartment complex. In *Goodwin*, a little girl, age three years ten months, drowned when she wandered through the unlocked and open gate of an otherwise fenced in pool area. *Goodwin*, 484 So.2d at 1042. The plaintiffs there relied on Restatement of Torts (Second) § 339 (1965), which states as follows:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
>
> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
>
> (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
>
> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
>
> (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
>
> (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise protect the children.

¶6. We concluded in *Goodwin* that the duty towards the trespasser was the same as in the instant case. 484 So.2d at 1045. Despite the plaintiffs' argument based on the Restatement, we held that the negligence of the defendant in leaving the gate to the pool open did not rise to the level of willful or wanton behavior. This is similar to the case sub judice, and as such CCRC is not liable under the Restatement.

¶7. Anderson alleges that inaction on the part of CCRC caused the six- year-old to crawl through the nine or ten inch hole in the fence and drown. She alleges gross negligence and relies not on the theory of attractive nuisance, but on this Court's findings in three cases which she says hold that wantonness consists of the cognizant disregard of a known, serious danger or a failure to exercise any care in the face of an identifiable danger. *Skelton ex rel. Roden v. Twin County Rural Elec. Ass'n.*, 611 So. 2d 931, 937 (Miss. 1992); *Beta Beta Chapter v. May*, 611 So. 2d 889, 895 (Miss. 1992); *Dry v. Ford*, 238 Miss. 98, 117 So. 2d 456, 458 (1960). Anderson gave us a skewed version of the facts in *Skelton*. In reality, the injured child was found to have been a licensee, not a trespasser, which heightened the defendants' duty

in that they should warn of any hidden danger as well as refrain from willful and wanton conduct. The boy knew the metal pipe on which he hurt himself was dangerous; and therefore, the hidden-danger analysis did not apply. *Skeleton* in no way demonstrates that failure to act constitutes willful and/or wanton conduct, nor does it rise to the level of gross negligence. The other cases Anderson cites as being dispositive of this issue only define wanton misconduct, there is no factual basis for comparing them to the case at hand.

¶8. In her reply brief, Anderson argues that by putting up a fence around the pool, CCRC perceived the fact that the unattended pool was a known, serious danger. It is also alleged that CCRC should have been aware that an unsupervised child could fit within the fence hole and not foresee the possibility of harming himself. Anderson points out *Yazoo & M.V.R. Co. v. Smith*, 111 Miss. 471, 71 So. 752, 756 (1916), and says that pursuant to that case, CCRC should have been brought under a greater standard of care and caution with regard to child trespassers. However, a closer reading of *Smith* shows that "[o]nly when the engineer sees the trespasser is a child is he brought under a rule of greater care and caution." 71 So. at 756. Following this rationale, CCRC, or an agent thereof, would have had to see Alisha as she crawled through the hole in the fence before it would owe a greater duty than merely refraining from willful or wanton behavior. This did not happen. No one saw the little girl crawl through the hole in the fence and enter the swimming pool. Accordingly, CCRC did not breach its duty to Alicia Anderson; it did not act in a willful or wanton manner.

## CONCLUSION

¶9. Based on the law and the facts, CCRC had a duty not to willfully or wantonly injure Alicia Anderson. We find CCRC to have no liability under applicable state law. We see no issue of material fact and affirm the trial court's summary judgment.

¶10. **AFFIRMED**.

**PITTMAN, C.J., SMITH, P.J., WALLER, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. COBB AND EASLEY, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**