# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CA-00455-SCT

*JUDY S. JOHNSON*

*v.*

*RONNIE GOODSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | CODY W. GIBSON |
| | PAUL ANDERSON KOERBER |
| | WILLIAM SCOTT MULLENNIX |
| | J. SETH McCOY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM SCOTT MULLENNIX |
| | CODY W. GIBSON |
| ATTORNEYS FOR APPELLEE: | J. SETH McCOY |
| | WILLIAM M. DALEHITE, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 04/18/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Judy S. Johnson appeals the affirmance by the Circuit Court of the First Judicial District of Hinds County of the judgment of the County Court of the First Judicial District of Hinds County granting Ronnie Goodson's motion for summary judgment. Both courts rejected Johnson's claim of general negligence and granted judgment in favor of Goodson based on premises-liability law.

¶2. Were premises liability the only law applicable, the courts would be affirmed. But given the facts presented, both erred. We reverse the grant of summary judgment and remand the case for proceedings consistent with this opinion. This Court offers no opinion about Goodson's negligence, *vel non*. That question remains for the trier of fact.

## FACTS AND PROCEEDINGS BELOW

¶3. Johnson claims that she was injured while she was an invited guest on Goodson's property and a passenger in his golf cart. Johnson sued Goodson in the County Court of the First Judicial District of Hinds County, alleging that Goodson had operated the golf cart carelessly, recklessly, and negligently, causing Johnson to be thrown about in the vehicle and to suffer injuries.

¶4. Johnson filed a motion for summary judgment, arguing that, at the time of the accident, Goodson was the operator of a motor vehicle, and, as such, the applicable standard of care was that of a reasonable person. Johnson argued that Goodson had breached his duty of care by operating a vehicle on his property in an unsafe manner, proximately causing Johnson's injuries. Goodson responded that Johnson was a licensee, that he did not breach any duties owed to her as a licensee, and that the standard Johnson sought was not applicable.

¶5. In Goodson's motion for summary judgment, he sought to be shielded from ordinary negligence by alleging that Johnson's cause of action was one of premises liability[1] and that he, as a landowner, only owed Johnson, a licensee, a duty to refrain from wilfully, wantonly, knowingly, or intentionally injuring her.

---

[1] This was the first time premises liability was mentioned in the pleadings.

¶6. At all times, the parties have agreed that the facts were not in dispute. The only question was what law applied to the undisputed facts. Despite their contentions, the county court determined that disputed issues of fact remained and denied both Goodson's and Johnson's motions for summary judgment. Goodson filed an unopposed motion to stay, which was granted by the county court pending this Court's ruling on Goodson's petition for interlocutory appeal, which was denied.

¶7. Subsequent to the denial, Goodson filed a motion for reconsideration. The county court found that "premises liability law applies and not the Rules of the Road of the State of Mississippi." Johnson then filed a motion for reconsideration, arguing that the county court erred in finding that premises-liability law applied. However, Johnson requested that if the county court found that premises-liability law applied, summary judgment should be granted in favor of Goodson.

¶8. In its final order, the county court found the following:

1. That premises liability law is the **only** legal standard applicable to the facts of this case;

2. That there are not any disputed issues of material fact as it pertains to the Motion for Summary Judgment previously filed by the defendant Ronnie Goodson in this matter; [and]

3. That the plaintiff requested that summary judgment be granted in favor of the defendant if the Court determined that premises liability law was the only legal standard applicable to the facts of this case. . . .

(Emphasis added.) The county court granted summary judgment in favor of Goodson and dismissed him with prejudice. Johnson filed her notice of her appeal to the Circuit Court of the First Judicial District of Hinds County.

3

¶9. The circuit court affirmed the county court's grant of summary judgment in favor of Goodson. Johnson appealed to this Court.

## STATEMENT OF THE ISSUE

**WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND RULING THAT THE ONLY APPLICABLE LAW IS PREMISES LIABILITY IN THIS MATTER, ESPECIALLY IN LIGHT OF THE ACTIVE NEGLIGENCE OF THE LANDOWNER IN THE OPERATION OF HIS GOLF CART UPON THE PROPERTY.[2]**

## ANALYSIS

¶10. The only issue before this Court is whether summary judgment was properly granted in favor of Goodson based on premises-liability law.

> On appeal, the grant or denial of a motion for summary judgment is reviewed de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made. Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 409 (Miss. 2018) (internal quotation marks omitted) (citations omitted). We find that both courts erred. Premises-liability law is not the only legal standard applicable to the facts of this case. Unrelated to the ownership of the land, this case involves whether the driver of a golf cart drove in an unsafe manner, causing injuries to a passenger in the golf cart. The incidental fact that the driver of the golf cart was also the owner of the property on which the accident occurred is of no moment.

---

[2] This issue is taken verbatim from Johnson's brief.

¶11. Premises liability is a "theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of 'conditions or activities' on the land . . . ." *Doe v. Jameson Inn, Inc.*, 56 So. 3d 549, 553 (Miss. 2011) (quoting Black's Law Dictionary (7th ed. 2000)). Johnson did not seek recompense for injuries based on premises liability but rather claimed she was injured due to Goodson's active negligence in the operation of the golf cart. She argued that

> she was a passenger in a vehicle owned and operated by the Defendant, who was driving and operating said vehicle in an unlawful, careless and imprudent manner and traveling along trails or roads on property he owns and located in Copiah County, Mississippi, when suddenly, carelessly, recklessly, negligently and without warning, the Defendant collided said vehicle into an area of said trails or roads that had a ravine, ditch or hole which the Defendant knew or should have known would cause the vehicle to wreck, thereby causing the Plaintiff to be violently thrown about inside the vehicle, causing the Plaintiff to be ejected from the vehicle, and causing the Plaintiff to suffer injuries. Specifically, Defendant Goodson acted negligently, carelessly and recklessly in violating the such standards of care of the State of Mississippi by failing to stop at the ravine, ditch or hole, by failing to keep a safe and proper lookout, and by failing to operate the vehicle in a careful and prudent manner, which resulted in said collision of the vehicle driven by the Defendant.
>
> That as a direct and proximate result of the careless, reckless and negligent acts of the Defendant, Goodson, the Plaintiff was caused to be thrown about in the vehicle and was caused to suffer injuries to her person.

Johnson's complaint did not raise premises-liability issues and did not rely upon Goodson's landowner status. She pleaded negligence—did Goodson operate his golf cart in the same manner as would a reasonably prudent person? Goodson cannot be absolved of putative negligence simply because he owned the land on which he was driving. Negligence, if any, is to be determined by the trier of fact.

¶12.    In ***Hoffman v. Planters Gin Co.***, an action was brought against a cottonseed-gin company to recover for injuries to the fourteen-year-old son of a truck driver, who accompanied his father to the gin and assisted in packing seed on trucks. ***Hoffman v. Planters Gin Co.***, 358 So. 2d 1008, 1010 (Miss. 1978). The child entered the seed house and slipped on seed. His right foot fell into the revolving auger, causing his leg below the knee to be amputated. ***Id.*** Over four decades ago, the ***Hoffman*** Court noted (as is true here) that the general statements of premise liability, licensee, and invitee

> do not fit the present factual circumstance and therefore do not control it. We are of the opinion the testimony presented a conflict of facts for resolution by a jury to be measured by the standard of ordinary and reasonable care rather than the standard of intentional or wanton negligence as held by the trial court. We think the premises owner is liable for injury proximately caused by his affirmative or active negligence in the operation or control of a business[3] which subjects either licensee or invitee to unusual danger, or increases the hazard to him, when his presence is known and that the standard of ordinary and reasonable care has application.

***Id.*** at 1013. The Court further stated that

> [t]he legal distinctions between a licensee and invitee have little significance once the presence of a person upon the possessor's premises is known and there are affirmative actions involving him. Status relates largely to negligence for the condition of premises, that is, passive negligence and not to active or

---

[3] The ***Hoffman*** Court's use of the "affirmative or active negligence in the operation or control of a business" described the conduct at issue, which occurred on the premises of a business. Subsequent opinions have read that language as a limitation only to a business premises. *See, e.g.*, ***Little v. Bell***, 719 So. 2d 757, 761-762 (Miss. 1998) ("[T]he ***Hoffman*** exception only applies to those cases involving the **operation or control of a business**.") (citing ***Hughes v. Star Homes, Inc.***, 379 So. 2d 301, 304 (Miss. 1980))). Because the word "business" is not used in this same context anywhere else in the opinion, we find that the ***Hoffman*** Court's language does not limit its holding to business owners or business premises. Cases such as ***Little*** and ***Hughes*** are overruled to the extent that they declare otherwise.

6

affirmative negligence emanating from action or inaction by the possessor with knowledge of an individual's presence.

*Id.* at 1012.

¶13.    The *Hoffman* Court cited *Astleford v. Milner Enterprises, Inc.*, 233 So. 2d 524, 525-26 (Miss. 1970), which discussed active and passive negligence:

> These courts hold that where the negligence is passive the licensee is not permitted to recover in the absence of proof of wilfulness or wantonness but where the negligence is active, that is, actual operation on the premises, then a licensee is permitted to recover if the possessor of the premises is guilty of simple negligence or fails to use ordinary, reasonable care.

The *Hoffman* Court was persuaded by *Astleford*, as well as Harper & James[4] and Prosser[5] when it found that the trial court erred in finding that the premises-liability standard controlled. *Hoffman*, 358 So. 2d at 1013. The *Hoffman* Court reversed and remanded the

---

[4] The *Hoffman* Court quoted Harper & James verbatim:

> There are a good many dicta mostly in older cases and some holdings to the effect that the occupier of land owes the bare licensee no greater duty than to refrain from intentional, or willful or wanton, misconduct towards him. "The prevailing view is to the contrary, however, and it is now generally held that in cases involving injury resulting from active conduct, as distinguished from conditions of the premises, the landowner or possessor may be liable for failure to exercise ordinary care towards a licensee whose presence on the land is known or should reasonably be known to the owner or possessor."

*Hoffman*, 358 So. 2d at 1013 (quoting 2 Fowler V. Harper & Fleming James, Jr., The Law of Torts § 27.10 (1956)).

[5] *Hoffman* quoted the fourth edition of Prosser verbatim "[i]t is now generally held that as to any active operations which the occupier carries on, there is an obligation to exercise reasonable care for the protection of a licensee. . . ." *Hoffman*, 358 So. 2d at 1013 (quoting William L. Prosser, Law of Torts 379 (4th ed. 1971)).

7

trial court's grant of a peremptory instruction based upon intentional or wanton negligence. *Id.*

¶14. As in *Hoffman*, today's case is not controlled by premises-liability law and its attendant standard of care. If proved, Goodson is liable for any injury caused by his negligence in actively operating the golf cart. While Johnson may have been a licensee and may have been injured while on Goodson's property, the claim that she was a guest passenger in his vehicle and allegedly was injured is a decision for the trier of fact properly instructed on the law of negligence.

¶15. In this case, Johnson alleged negligence against Goodson. "The standard of care applicable in cases of alleged negligent conduct is whether the party charged with negligence acted as a reasonable and prudent person would have under the same or similar circumstances." *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 175 (Miss. 1999) (citing *Knapp v. Stanford*, 392 So. 2d 196, 199 (Miss. 1980)). We find that the circumstances surrounding a moving golf cart, which the property owner was driving, raise an issue of negligence proper for resolution by the trier of fact.

## CONCLUSION

¶16. We reverse the grant of summary judgment in favor of Goodson and remand the case to the county court[6] for a trial consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

---

[6] This Court has held that when "we reverse a circuit court's affirmance of a county court's grant of summary judgment, we remand the case to county court." *Chase Home Fin., L.L.C. v. Hobson*, 81 So. 3d 1097, 1102 (Miss. 2012) (citing *Allen v. Mayer*, 587 So. 2d 255, 261 (Miss. 1991)).

8

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**