# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60725

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2020

Lyle W. Cayce
Clerk

CASSANDRA LOVE,

      Plaintiff - Appellant

v.

AARON'S, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-181

Before WIENER, ENGELHARDT, and OLDHAM, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Cassandra Love filed suit against Defendant-Appellee Aaron's Inc., asserting claims for ordinary negligence and premises liability. After discovery, Aaron's moved for summary judgment, which the district court granted. The instant appeal followed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60725

**I.**

Plaintiff-Appellant Cassandra Love bought a nine-piece suite of bedroom furniture from Defendant-Appellee Aaron's, Inc.  On September 22, 2017, two Aaron's employees, Dustin Stribling and Kevin Russell, delivered the furniture to Love's home for assembly and installation.  Upon their arrival, Love showed Stribling and Russell the bedroom where they were to set up the furniture. Stribling began unloading boxes from the truck, and Russell carried the boxes to the bedroom.  Russell then began unboxing the furniture in the bedroom and apparently laid an empty, flattened cardboard box near the entrance to the room.  Love returned to the bedroom to explain where she wanted the furniture placed.  She entered the bedroom and gave her instruction.  When Love turned to leave the room, she tripped and fell on the box near the doorway.

Love filed suit against Aaron's in state court, asserting claims for ordinary negligence and premises liability.  Aaron's timely removed.  After the close of discovery, Aaron's filed a motion for summary judgment.  Love filed a response in opposition to the motion, wherein she conceded that her premises liability claim failed as a matter of law.  The district court granted summary judgment in favor of Aaron's on Love's remaining negligence claim, holding that although Aaron's had a duty to Love, there was no dispute of fact as to breach because the cardboard box upon which Love tripped and fell was not a hazardous condition.  On appeal, Love contends that the district court erred by applying the legal standard for a premises liability claim to her ordinary negligence claim.  Love further asserts that, applying the correct legal standard, there exist genuine issues of material fact as to breach, causation, and damages, such that the court erred in granting summary judgment on her ordinary negligence claim.

No. 19-60725

## II.

We review *de novo* a district court's grant of summary judgment. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Summary judgment is proper when there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of demonstrating an absence of a genuine material fact issue. *Boudreaux*, 402 F.3d at 540. The nonmoving party must then go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. *Id.* (citations omitted). We view all facts and inferences in the light most favorable to the nonmoving party, but we will not weigh the evidence or evaluate the credibility of witnesses. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III.

Mississippi law governs in this diversity suit. *See Boyle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Accordingly, in order to succeed on her ordinary negligence claim, Love must establish (1) the existence of a duty, (2) a breach of that duty, (3) causation, and (4) damages. *See Crosthwait v. S. Health Corp. of Hous.*, 94 So. 3d 1126, 1129 (Miss. Ct. App. 2011), *aff'd*, 94 So. 3d 1070 (Miss. 2012).

We first look to whether Love established the existence of a duty. "Under Mississippi law, '[a] contract creates a reasonable duty of care in fulfilling one's contractual obligations.'" *Poppelreiter v. GMAC Mortg., LLC*, No. 1:11CV008-A-S, 2011 WL 2690165, at *3 (N.D. Miss. July 11, 2011) (quoting *River Prod. Co. v. Baker Hughes Prod. Tools, Inc.*, 98 F.3d 857, 859 (5th Cir. 1996) (citing *McKinnon v. Batte*, 485 So. 2d 295, 298 (Miss. 1986))).

No. 19-60725

As the district court correctly noted, Aaron's had a contract with Love to deliver and assemble her furniture; therefore, Aaron's owed a duty to Love.

Nevertheless, the district court concluded that Love failed to show that Aaron's breached its duty because there is no evidence that the cardboard box upon which Love tripped and fell was a dangerous or hazardous condition. The court acknowledged that Love had conceded her premises liability claim. Yet, in its analysis, the court cited to premises liability cases to support its conclusion that no material fact issue existed as to breach on Love's ordinary negligence claim. Indeed, the court concludes its analysis by stating as follows:

> Accordingly, there is no evidence of a hazardous condition. Because there is no evidence that Aaron's, through its employees, breached its duty of care by creating a hazardous condition, or failing to warn Love of it, or to make it safe, Love cannot establish an essential element of her negligence claim.

There, the standard articulated by the district court is that of a premises liability claim. Accordingly, we find the court erred by applying a premises liability, rather than an ordinary negligence, standard.

## IV.

Because our review is *de novo*, we now look to whether Love presented a genuine issue of material fact applying the proper legal standard. "The standard of care applicable in cases of alleged negligent conduct is whether the party charged with negligence acted as a reasonable and prudent person would have under the same or similar circumstances." *Johnson v. Goodson*, 267 So. 3d 774, 778–79 (Miss. 2019) (quoting *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 175 (Miss. 1999)). Accordingly, in order for Love to succeed on her claim for ordinary negligence, she must demonstrate that Aaron's, through its employees, failed to perform the work in a reasonable and prudent manner under the circumstances. *See id.*

No. 19-60725

In its motion for summary judgment, Aaron's presents facts sufficient to establish it is entitled to judgment as a matter of law.  In response, Love counters that Aaron's breached its duty because its employee deviated from its installation policies and procedures.[1]

First, Love contends that Aaron's failed to accurately determine product placement before installation.  Yet, even her own deposition testimony reveals that the employees determined product placement as soon as they arrived at Love's residence; consequently, Love's argument here fails.  Love next contends that Aaron's breached its duty by allowing her to enter her bedroom where the furniture was being assembled and by failing to ensure adequate lighting in the bedroom.  We find these arguments particularly unavailing.  Aaron's has no duty to prevent Love from entering any room in her home, which by her own admission, she did of her own volition.  As to the lighting in the bedroom, Love stated in her deposition that the box was visible and that she "probably would have seen it" had she been paying attention.  Love's admission here belies her later contention that the adequacy of the lighting in the room had any bearing on her tripping on the box.

Finally, Love contends that Aaron's breached its duty by failing to remove the cardboard box from the work area after unpacking the product.  Although deposition testimony indicates that it is good practice to remove the boxes from the room in which the furniture is being assembled and installed, there is no evidence to suggest it is an actual policy of Aaron's, or the standard of any other furniture deliverer.  Furthermore, testimony reveals that removal of boxes is a good practice because doing so would give the employees more

---

[1] It does not appear that any kind of employee handbook, training materials, or written policy was produced during discovery or is part of the record.  Instead, the "policies and procedures" Love cites are derived solely from the deposition testimony of Dustin Stribling, one of the Aaron's employees who delivered the furniture to Love's home.

5

No. 19-60725

room to work, not because of customer safety concerns. There is nothing in the record to suggest that Aaron's placement of the flattened cardboard box was unreasonable under the circumstances. In fact, Love admits that she entered the bedroom of her own accord, knowing that Aaron's was unboxing and assembling the furniture in that room; the cardboard box was visible, not hidden; and, if she had been paying attention, she probably would have seen the box.[2]

Under these circumstances, Love has failed to demonstrate that Aaron's failed to perform the work in a reasonable and prudent manner. Accordingly, the judgment of the district court is AFFIRMED.

---

[2] Love asserts that her admission of fault is not conclusive as to the issue of negligence because Mississippi is a pure comparative negligence state. Although it is true that Mississippi operates under a comparative fault system, Love still bears the initial burden of demonstrating some negligence on the part of Aaron's. *See Tharp v. Bunge Corp.*, 641 So. 2d 20, 24 (Miss. 1994) ("[T]he plaintiff must prove some negligence on part of the defendant before recovery may be had."). Yet, we find on the record before us that Love has failed to produce evidence of a genuine issue of material fact demonstrating that Aaron's is even 1% at fault for her injuries; therefore, summary judgment in favor of Aaron's is appropriate. *See id.*