# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00013-SCT

*RGH ENTERPRISES, INC.*

*v.*

*SEIED GHAFARIANPOOR AND NANCY
GHAFARIANPOOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/2020 |
| TRIAL JUDGE: | HON. EDWIN Y. HANNAN |
| TRIAL COURT ATTORNEYS: | JOHN HINTON DOWNEY |
| | WILLIAM DRIBBEN MONTGOMERY |
| | W. WRIGHT HILL, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY COUNTY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM DRIBBEN MONTGOMERY |
| ATTORNEY FOR APPELLEES: | JOHN HINTON DOWNEY |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 12/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.    Two employees of RGH Enterprises, Inc. (RGH), stole valuables of the
Ghafarianpoors while cleaning their residence in preparation of performing restoration. The
Ghafarianpoors sought recovery under alternative theories—negligence and vicarious
liability.  RGH sought summary judgment in the trial court on both. The trial court granted
summary judgment for RGH as to the Ghafarianpoors' claims of negligence, but it denied
RGH summary judgment as to the Ghafarianpoors' claims of vicarious liability. Because the

record reveals that the employees were without actual or apparent authority to steal from the Ghafarianpoors, we reverse and remand the judgment of the county court denying summary judgment.

## FACTUAL AND PROCEDURAL HISTORY

¶2.     The Ghafarianpoors reside in Madison County, Mississippi. In 2018, their home sustained water damage from a burst water pipe on its second floor. The Ghafarianpoors' insurance carrier referred them to a Servpro franchisee to perform remediation work. The franchisee was RGH, doing business as Servpro of Jackson. RGH operates clean-up and restoration services to commercial and residential properties in the Jackson area.

¶3.     RGH employees Kelley Keyes, Aaron Simmons, and Tevon Reyes arrived at the Ghafarianpoors' home to remove damaged property and repair their home. The same night, the Ghafarianpoors realized that jewelry and other valuables were missing. The Ghafarianpoors contacted RGH and the police. The owner of RGH interviewed the employees. Two of the three, Simmons and Reyes, confessed to stealing valuables from the Ghafarianpoors' home. The two employees were arrested and criminally prosecuted for the theft.

¶4.     Subsequently, the Ghafarianpoors brought suit against RGH,[1] alleging negligence in hiring, supervising, and training employees as well as vicarious liability for the actions of its employees.

---

[1]The Ghafarianpoors initially also brought suit against Servpro Industries, Inc. However, the Ghafarianpoors and Servpro Industries made a joint ore tenus motion for dismissal with prejudice that was granted on May 20, 2019.

¶5. RGH filed a motion for summary judgment. RGH argued that the record was devoid of facts to support that it was negligent or that the theft was within the employees' scope of employment. Thus, RGH argued it was entitled to judgment as a matter of law on the vicarious-liability claim.

¶6. The County Court of Madison County granted summary judgment to RGH on the negligence claims, but it otherwise denied summary judgment as to the vicarious-liability claim. Aggrieved, RGH sought leave to file an interlocutory appeal. A panel of this Court granted RGH's petition, as well as its motion to stay the county court proceedings pending appeal.

¶7. RGH maintains that it is not liable based on undisputed facts under any theory of liability because the theft was committed outside the course and scope of Simmons's and Reyes's employment. The Ghafarianpoors counter that RGH is vicariously liable for the theft.

**STANDARD OF REVIEW**

¶8. "This Court reviews challenges to summary judgment [rulings] de novo, and we view the evidence in the light most favorable to the non-movant." ***Leal v. Univ. of S. Miss.***, 296 So. 3d 660, 663 (Miss. 2020) (citing ***Johnson v. Goodson***, 267 So. 3d 774, 776 (Miss. 2019)). Mississippi Rule of Civil Procedure 56 further dictates review of the "pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any," in order to decide if any genuine issues of material fact remain. Miss. R Civ. P. 56(c).

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.*

## ANALYSIS

### I.      Vicarious Liability

¶9.      The doctrine of respondeat superior imputes vicarious liability from an employee to an employer when the employee's acts were "within the scope of the authority conferred." **Com. Bank v. Hearn**, 923 So. 2d 202, 204 (Miss. 2006) (internal quotation mark omitted) (quoting **The General Worth v. Hopkins**, 30 Miss. 703, 711 (1856)). To determine if an act was within the scope of an employee's authority or employment, we perform an "evaluation of the employee's act, itself, rather than a perceived, possible, indirect benefit to the employer." **Hearn**, 923 So. 2d at 209. We have adopted the Second Restatement of Agency's articulation of the scope of employment:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and space limits;
>
> (c) it is actuated, at least in part, by a purpose to serve the master, and
>
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

*Id.* at 208 (citing **Marter v. Scott**, 514 So. 2d 1240, 1242–43 (Miss. 1987)).

4

¶10.    In *Children's Medical Group, P.A. v. Phillips*, the Mississippi Supreme Court repeated the legal standard for an employer's vicarious liability: "Under the doctrine of respondeat superior, the master is liable for the acts of his servant which are done in the course of his employment and in furtherance of the master's business." *Child.'s Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 935 (Miss. 2006) (internal quotation marks omitted) (quoting *Sandifer Oil Co. v. Dew*, 220 Miss. 609, 630, 71 So. 2d 752, 758 (1954)).

¶11.    The Mississippi Supreme Court further explained that "if an employee 'deviates or departs from his work to accomplish some purpose of his own not connected with his employment—goes on a "frolic of his own"—the relation of master and servant is thereby temporarily suspended,' and the employer is not vicariously liable." *Id.* (quoting *Seedkem S., Inc. v. Lee*, 391 So. 2d 990, 995 (Miss. 1980)).

¶12.    The doctrine of respondeat superior imputes liability to an employer for an employee's actions that occur "within the scope of the authority conferred." *Hearn*, 923 So. 2d at 204 (internal quotation marks omitted) (quoting *Hopkins*, 30 Miss. at 711). RGH is in the business of providing cleaning and restoration services to residential properties. Employees Simmons and Reyes were authorized to clean and repair damages to the Ghafarianpoors' home. The Ghafarianpoors admitted that RGH employees were not authorized to steal, and RGH did not benefit from the criminal acts of the employees. Restoring the house did not include the theft of personal property. No genuine issue of material fact exists regarding whether the employees were acting within the scope of their employment when they stole personal property from the Ghafarianpoors' home. As a matter of law, the Ghafarianpoors

5

cannot recover under a theory of respondeat superior.

## II. RGH's Motion for Summary Judgment

¶13. Our summary judgment standard dictates that "we view the evidence in the light most favorable to the non-movant." *Leal*, 296 So. 3d at 663 (citing *Johnson*, 267 So. 3d at 776). After thoroughly examining the evidence, no genuine issues of material fact regarding the apparent authority of RGH's employees remain. The Ghafarianpoors do not argue that they relied on RGH's representations and so entrusted their valuables to RGH. They do not argue that they were defrauded by the RGH employees when they removed possessions from their home. They argue that the RGH employees concealed their theft by alternating their theft and work. Such facts are indicative of a frolic by the employees, not of conduct for which an employer can be held vicariously liable. *Lee*, 391 So. 2d at 995 (Miss. 1980) (quoting *Int'l Shoe Co. v. Harrison*, 217 Miss. 152, 63 So. 2d 837, 840 (1953)).

¶14. In the case *sub judice*, the Ghafarianpoors' claims of negligent supervision, hiring, and training were adjudicated and were not appealed. Accordingly, we do not disturb those rulings today.

## CONCLUSION

¶15. We find that there is no genuine issue of material fact regarding whether RGH's employees possessed actual or apparent authority to steal from the Ghafarianpoors. Accordingly, we reverse that judgment of the county court. We remand for entry of an order consistent with this opinion.

¶16. **REVERSED AND REMANDED.**

6

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**